**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RUSSELL JAMES ELLIS,
No. 06939-424,**

**Petitioner,**

       **vs.**                              **Case No. 16-cv-737-DRH**

**WARDEN WERLICH,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

    Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He is serving a life sentence based on his 1998 convictions in the Northern District of Illinois on a number of charges, including operating a continuing criminal enterprise of drug distribution as a member of the Gangster Disciples. *United States v. Smith, McCain, Ellis, et al.*, 223 F.3d 554 (7th Cir. 2000). He is also serving several lesser concurrent sentences.

    Petitioner's principal argument on appeal was that the life sentence imposed pursuant to 21 U.S.C. § 848(b) was improper, because the facts supporting the sentence had not been submitted to the jury to be proven beyond a reasonable doubt. Instead, the sentence was imposed based on factual findings by the trial judge, after the jury found petitioner guilty of the "separate crimes" under §§ 848(a) and (c) (Doc. 1, p. 2). Analyzing the applicability of the rule in

*Apprendi v. New Jersey,* 530 U.S. 466 (2000), to petitioner's claims, the Seventh Circuit soundly rejected his argument that § 848(b) was an element of the crime that must be tried to a jury. *Smith*, 223 F.3d at 565-66.

In June 2003, petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence, raising the same issues regarding § 848(b). That motion was denied, because petitioner could not relitigate claims in that proceeding that had been decided on direct appeal.

On May 11, 2016, after the Supreme Court decided *Alleyne v. United States,* 133 S. Ct. 2151 (2013), petitioner sought permission from the Seventh Circuit to file a second § 2255 motion. He claimed that *Alleyne* represented a change in the law under which he could pursue relief on the theory that he had been convicted of a separate crime under § 848(b) which had been neither charged nor found by the jury beyond a reasonable doubt. The Seventh Circuit denied the application to pursue a second § 2255 motion on June 9, 2016 (Appeal No. 16-2099).

In this action brought pursuant to § 2241, filed on July 1, 2016, petitioner argues that § 2255 is inadequate to permit him to challenge his conviction.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## The Petition

As an initial matter, two motions to amend/supplement the petition were docketed by the Clerk, after petitioner submitted documents on July 25, 2016, and August 1, 2016 (Docs. 4 and 5). The first document seeks to add two more claims and related arguments to the petition. Both claims relate to petitioner's central argument that he was improperly convicted and sentenced under § 848(b). The second document is titled "Supplemental Motion," and includes additional legal arguments in support of the petition. The Court construes these documents as memoranda of law, and **GRANTS** the motions to amend/supplement (Docs. 4 and 5). The Clerk is **DIRECTED** to file these two documents as memoranda in support of the petition (Doc. 1).

The petition raises the following grounds: (1) The life sentence imposed under § 848(b) is unconstitutional because petitioner was not found guilty beyond a reasonable doubt, but instead under a preponderance of the evidence standard; and (2) The district court lacked authority to impose punishment under § 848(b) because petitioner was found guilty only of § 848(a) and (c), not of the "separate aggravating crime" in § 848(b) of 300 times the specified drug quantity (Doc. 1, pp. 6-7). Petitioner's additional claims, articulated in the July 25, 2016,

document, are:  (3) The indictment failed to charge the § 848(b) violation of 300 times the quantity of cocaine described in § 841(b)(1)(B), depriving petitioner of his Fifth Amendment and Sixth Amendment rights; and (4) Petitioner's Sixth Amendment right was violated when the "separate aggravating crime" of § 848(b) was not submitted to the jury for a determination of guilt or innocence.

For each of these grounds, petitioner relies on *Alleyne v. United States,* 133 S. Ct. 2151 (2013), for the proposition that § 848(b) must be viewed as a separate aggravating crime.  As such, he claims that the factors in that section of the statute should have been submitted to the grand jury, charged in the indictment, and put before the trial jury for a decision that he was guilty beyond a reasonable doubt, in order for the life sentence under § 848(b) to have been imposed on him.

As relief, petitioner seeks to have the life sentence under § 848(b) vacated, and to be sentenced according to the jury's verdict.  He asserts that his punishment should not have exceeded 20 years (Doc. 1, p. 8).

## **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."  *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Here, petitioner is attacking

his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings

clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner argues that the *Alleyne* decision provides a vehicle for him to use the "savings clause" to challenge the life sentence imposed pursuant to § 868(b). However, the Seventh Circuit, and this Court, have consistently rejected the proposition that a § 2241 petition premised on *Alleyne* fits within the savings clause of § 2255(e).

With respect to the first *Davenport* condition, *Alleyne* is a constitutional case, not a statutory interpretation case. "*Alleyne* establishes a new rule of constitutional law." *Simpson v. U.S.*, 721 F.3d 875, 876 (7th Cir. 2013). This factor alone dooms the instant petition. *See Poe v. LaRiva*, __ F.3d __, Appeal No. 14-3513, 2016 WL 4434552, at *2-3 (7th Cir. Aug. 22, 2016); *Lott v. Walton*, Case No. 13-CV-833-CJP, 2014 WL 29626, at *3-4 (S.D. Ill. Jan. 3, 2014), *aff'd* (May 2, 2014). *Alleyne* is an extension of the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which petitioner relied upon in his direct appeal. Both *Apprendi* and *Alleyne* were decided on constitutional principles, *i.e.*, the Sixth Amendment right

to trial by jury and the Fourteenth Amendment right to due process. *Apprendi*, 530 U.S. at 476-77; *Alleyne*, 133 S. Ct. at 2156. Neither is a statutory interpretation case.

Looking to the second factor, it is true that petitioner could not have invoked the *Alleyne* decision in his original § 2255 motion, because that case had not yet been decided. But that is not enough – *Davenport* requires that the case relied upon in a § 2241 petition must apply retroactively. The instant petition also fails that test. The Seventh Circuit "has held unambiguously that '*Alleyne* does not apply retroactively.'" *Poe*, 2016 WL 4434552, at *3 (quoting *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015)). The Seventh Circuit further observed in *Poe* that, "[I]ncluding this court, '[e]very court of appeals that has considered the subject has concluded that *Alleyne* is not retroactive on collateral review.'" *Poe*, 2016 WL 4434552, at *3 (citing *Crayton*, 799 F.3d at 624 (collecting cases)).

Finally, as to the third factor, *Alleyne* did not have the effect of decriminalizing petitioner's conduct. As such, it cannot serve as a basis for relief under § 2241.

For these reasons, the petition does not fit within the savings clause of § 2255(e), and shall be dismissed. As the Seventh Circuit has observed in similar cases, if the Supreme Court should ever declare *Alleyne* to apply retroactively, petitioner may file an application with the appellate court for leave to pursue another § 2255 motion. *See* 28 U.S.C § 2244(b)(3).

**Disposition**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

In light of the dismissal of the instant petition, the motion to show cause (Doc. 6) is **DENIED AS MOOT**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a

certificate of appealability from this disposition of his § 2241 petition.   *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: October 4, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.10.04
14:13:24 -05'00'

**United States District Judge**